UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE R. BAEZ,

      Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

CASE No. 8:07-CV-1653-T-TGW

## O R D E R

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-seven years old at the time of the administrative hearing and who has a high school education in Mexico, has worked as a fruit picker, kitchen manager, house painter, and lens inspector

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

(Tr. 64, 100, 222, 223). He filed a claim for Social Security disability benefits, alleging that he became disabled due to a broken right elbow and arm, and a crushed pelvis (Tr. 56).[2] The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has a severe impairment consisting of "limitation of motion, weakness and sensory loss in the right arm and hand status post surgery for open reduction and internal fixation of a right elbow fracture and surgery for decompression of the ulnar nerve and hardware removal" (Tr. 21). The law judge concluded that this impairment restricted the plaintiff to performing sedentary work that does not require lifting more than five pounds with the right arm and does not involve touching extremely hot or cold objects with the right hand without a glove (Tr. 25). The law judge determined that these limitations precluded the plaintiff from returning to past work (id.). However, based upon the testimony of a vocational expert, the law judge decided that the plaintiff could

---

[2]The law judge stated that the plaintiff filed claims for supplemental security income and disability insurance benefits (Tr. 19). However, both parties agree that this case involves only a claim for disability insurance benefits (Doc. 16, p. 1, n.1; Doc. 17, p. 1, n.1).

perform the job of security system monitor, which exists in significant numbers in the national economy (Tr. 24, 25).[3] The plaintiff was therefore found not disabled (Tr. 25). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

---

[3]The law judge identified this job as security system monitor (Tr. 24, 25), while the vocational expert referred to the job as a surveillance system monitor.

-3-

might accept as adequate to support a conclusion." <u>Richardson</u> v. <u>Perales</u>, 402 U.S. 389, 401 (1971), <u>quoting</u> <u>Consolidated Edison Co.</u> v. <u>NLRB</u>, 305 U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." <u>Adefemi</u> v. <u>Ashcroft</u>, 386 F.3d 1022, 1027 (11th Cir. 2004) (<u>en banc</u>), <u>cert. denied</u>, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  <u>Grant</u> v. <u>Richardson</u>, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not

-4-

disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's challenge is based upon the contention that the law judge erred in concluding that the plaintiff could perform the job of security system monitor because he did not take into consideration the plaintiff's limited literacy in the English language (Doc. 16, pp. 10-13). This contention is unpersuasive.

The plaintiff came to the United States from Mexico in 1988 and thus speaks Spanish (Tr. 223). Although a Spanish interpreter was present at the administrative hearing to assist the plaintiff (<u>see</u> Tr. 220), her participation appears to have been minor. When the law judge asked the plaintiff at the hearing if he spoke English, the plaintiff responded, "Speak 50%" (<u>id</u>.). Moreover, the plaintiff testified that he completed high school in Mexico and he went to school in the United States for a couple of months to learn English (Tr. 223).

The plaintiff became a United States citizen in 1999 (Tr. 224). In order to be naturalized as a citizen of the United States, the plaintiff had to

-5-

demonstrate "an understanding of the English language, including an ability to read, write, and speak words in ordinary usage in the English language." 8 U.S.C. 1423(a)(1).

Further, the plaintiff's statement that he speaks English 50% of the time indicates that he is bilingual. Consequently, the plaintiff's language capability is seemingly not a deficiency, but is an advantage, particularly in this area.

In all events, the hypothetical question upon which the law judge based his determination that the plaintiff could work as a security system monitor took into account the plaintiff's education, including his language skills. Thus, when the law judge posed his hypothetical question to the vocational expert, he directed the vocational expert to assume the individual was the plaintiff's age, and had the plaintiff's education and work history (see Tr. 243, 244). Taking into account these factors, and the plaintiff's limited use of his right hand, the vocational expert opined that the plaintiff could perform the job of surveillance system monitor (Tr. 244). Based on the vocational expert's testimony, the law judge found the plaintiff not disabled (Tr. 24).

The plaintiff argues that the vocational expert's testimony does not constitute substantial evidence because the hypothetical question upon which it is based "does not accurately reflect [the plaintiff's] educational level in English, literacy and ability to communicate in English" (Doc. 16, p. 13). This argument is incorrect. The law judge in his hypothetical question asked the vocational expert to assume an individual of the plaintiff's "age, education and work history" (Tr. 243). In fact, the law judge gave the expert this direction twice (Tr. 244). Importantly, what the law judge did not ask the expert to assume was simply an individual with a high school education. Rather, the assumption was of an individual with the plaintiff's education.

As the plaintiff acknowledges, "[l]iteracy is a component of the educational characteristic" (Doc. 16, p. 10). See 20 C.F.R. 404.1564(b)(5), (6). Therefore, when the law judge asked the expert to assume an individual with the plaintiff's education, he was asking the expert to assume as part of that hypothetical an individual with the plaintiff's language skills.

Furthermore, the vocational expert knew of the extent of the plaintiff's English skills, as he was present for the entire hearing and, therefore, heard the plaintiff's testimony (see Tr. 220). The vocational expert also reviewed a copy of the file (Tr. 221), which indicated that English was

the plaintiff's second language (see Tr. 81). Consequently, when the expert

stated his opinion that the plaintiff could work as a surveillance system

monitor, he was basing that opinion upon the plaintiff's education, including

his language skills.[4]

      The plaintiff argues further that the vocational expert's testimony

that the plaintiff could perform the surveillance system monitor job conflicts

with the job description contained in the Classification of Jobs ("COJ") (Doc.

16, p. 12). The plaintiff argues that the COJ states that verbal aptitude in the

middle third of the population is required to perform this job (id.; Tr. 214-17).

However, there is no evidence that the COJ is recognized by the Social

Security Administration as a source for occupational information. Compare

20 C.F.R. 404.1566(d); Social Security Ruling 00-4p, 2000 WL 1898704

(S.S.A.)(noting occupational evidence provided by a vocational expert should

be consistent with occupational information supplied by the Dictionary of

---

[4]The plaintiff's related argument that the law judge failed to "assess" and specify in his decision the extent of the plaintiff's English skills is similarly meritless (Doc. 16, pp. 10-12). Since the vocational expert's testimony, which was relied upon in finding the plaintiff not disabled, was based upon a hypothetical that incorporated the plaintiff's education, a failure by the law judge to specify in the decision the extent of the plaintiff's English skills is, at most, harmless error. See Patterson v. Bowen, 799 F.2d 1455, 1459 (11th Cir. 1986)(an error is harmless when correcting it would not change the outcome of the law judge's finding).

Occupational Titles ("DOT")). Regardless, the Eleventh Circuit has held that, where there is a conflict between the vocational expert's testimony and a job description contained in the DOT, "the VE's testimony 'trumps' the DOT." Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000). A fortiori, the vocational expert's testimony trumps the occupational information contained in the COJ.

Significantly, the plaintiff was represented at the hearing by an attorney, who was given an opportunity to question the vocational expert (Tr. 248). If plaintiff's counsel had any doubt whether the hypothetical included the plaintiff's English skills, or whether the plaintiff had the English literacy to perform the job, the attorney could have simply asked the vocational expert. See Jones v. Apfel, supra, 190 F.3d at 1228 (Once the expert identifies jobs that the plaintiff can perform, the burden switches to the plaintiff to prove that he was unable to perform those jobs.). However, the plaintiff's attorney did not cross-examine the expert (Tr. 248). Accordingly, the law judge reasonably accepted the uncontroverted testimony of the

vocational expert (Tr. 24), who has worked in the field for the past thirty years (Tr. 41).[5]

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this _19th_ day of September, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[5]The plaintiff also argued that "strict application of the Medical-Vocational Guidelines (GRIDS) is not applicable" in this case (Doc. 16. p. 11). Although the law judge did refer to the grids, the law judge acknowledged in his decision that sole reliance on the grids was precluded by the plaintiff's impairments and, therefore, he relied upon the testimony of the vocational expert in determining that the plaintiff was not disabled (Tr. 23-24). Therefore, this contention is baseless.

-10-